IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES SR., | CV F 04-6214 AWI DLB |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS AS MOOT |
| v. | |
| DARREN "HAP" SWEENEY, DEPUTY FOR KING COUNTY SHERIFF DEPARTMENT, | ORDER REGARDING DECLARATIONS |
| Defendant. | (Documents #35, #37, #39, & # 42) |

**BACKGROUND**

Plaintiff, proceeding pro se and in forma pauperis, is currently incarcerated in State Prison. On November 24, 2004, Plaintiff filed a first amended complaint. The first amended complaint concerns an incident that occurred on September 6, 2003, when Plaintiff was not in custody. The amended complaint alleges that Defendant Deputy Darren "Hap" Sweeny subjected Plaintiff to an illegal seizure without probable cause. The amended complaint alleged that Defendant Sweeny stopped Plaintiff's car even though Plaintiff had not committed a traffic violation. When a passenger in Plaintiff's car attempted to flee from the car, Defendant Sweeny shot the vehicle multiple times.

On December 6, 2004, the Magistrate Judge filed Findings and Recommendations that recommended this action proceed on Plaintiff's Fourth and Fourteenth Amendment claims and recommended that other claims contained in the first amended complaint be dismissed. On

January 28, 2005, the court adopted the Findings and Recommendations and ordered that this action proceed on Plaintiff's Fourth and Fourteenth Amendment claims.

On October 7, 2005 and October 11, 2005, Plaintiff filed declarations.   On February 2, 2006, Defendant filed a response to these declarations.   Defendant requests that to the extent these declarations represent a motion to amend, any motion to be denied because the events in the October 2005 declarations occurred in state prison in December 2004.

On November 11, 2005, Defendant filed a motion to dismiss the first amended complaint, or alternatively, a motion for a more definite statement.   Defendant contends that the amended complaint fails to state a claim for an Eighth Amendment violation, violations of the California Constitution, and the Declaration on Human Rights.

**DISCUSSION**

**A.  Motion to Dismiss**

As stated in the court's January 28, 2005 order, this action shall go forward on Plaintiff's Fourth and Fourteenth Amendment claims based on the conduct that occurred on September 6, 2003, as alleged in the November 24, 2004 first amended complaint.   Defendant has filed a motion to dismiss that concerns other potential claims found in the November 24, 2004 first amended complaint.   Because Defendant's motion addresses claims that have already been dismissed by this court, Defendant's motion is moot, and it will be denied.

**B.  Declarations**

On October 7, 2005 and October 11, 2005, Plaintiff filed declarations.   The declarations concern problems that have occurred while Plaintiff has been in state prison.   Specifically, the declarations describe an indicate that occurred in December 2004, when C.O Huron and other officers allegedly assaulted Plaintiff and a resulting prison administrative hearing.

Plaintiff is informed that the court takes no action on declarations filed with the court concerning events not at issue in this action.   If Plaintiff wishes to file an amended complaint containing additional allegations, Plaintiff should file a formal motion to amend.   Plaintiff is

2

advised that if he wishes to pursue claims that are completely unrelated to the seizure and shooting by Defendant Sweeny, Plaintiff should file a new civil action.   The court will disregard the October declarations and Defendant's response to these declarations.

## ORDER

    Accordingly, the court ORDERS that:

1. Defendant's November 9, 2005 motion to dismiss is DENIED as moot; and
2. The court will DISREGARD the declarations filed on October 7, 2005 and October 11, 2005, and Defendant's reply filed on February 2, 2006, because no formal motion to amend is before the court.

IT IS SO ORDERED.

**Dated:    February 10, 2006**          **/s/ Anthony W. Ishii**
9h0d30                                                     UNITED STATES DISTRICT JUDGE