1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK JONES, SR., | ) | CV F 04 6214 AWI DLB |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S MOTION TO STRIKE |
| Plaintiff, | ) | AFFIRMATIVE DEFENSES |
| | ) | [DOC 45] |
| v. | ) | |
| | ) | |
| DARREN SWEENEY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff, proceeding pro se and in forma pauperis, is currently incarcerated in Wasco State Prison. On September 7, 2004, he filed a complaint pursuant to 42 U.S.C. § 1983. This action is proceeding against defendant Darren Sweeney of the Kings County Sheriff's Department on plaintiff's Fourth and Fourteenth Amendment claims in the First Amended Complaint filed on November 24, 2004. On February 16, 2006, defendant filed an answer to the first amendment complaint. On March 6, 2006, plaintiff filed a motion to strike defendant's affirmative defenses on the grounds that they are "frivolous, insufficient and redundant." Defendant filed an opposition to the motion on March 22, 2006.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). Before a motion to strike affirmative defenses may be granted, the Court

1    must be convinced that there are no questions of fact, that any questions of law are clear and not

2    in dispute, and that under no set of circumstances could the defense succeed.  SEC v. Sands, 902

3    F.Supp. 1149, 1165 (CD CA 1995).

4        Defendant's First Affirmative Defense alleges that the First Amended Complaint, and

5    each cause of action therein, fails to state facts sufficient to constitute a cause of action against

6    defendant.  Because the court has already made a judicial determination as to whether the

7    allegations in the First Amended Complaint state a cause of action, defendant is not opposed to

8    the motion to strike the first affirmative defense.  However, defendant reserves the right to

9    reassert the defense, if necessary, at a later date.

10       The Second Affirmative Defense is based on qualified immunity.  Government officials

11   enjoy qualified immunity from civil damages unless their conduct violates "clearly established

12   statutory or constitutional rights of which a reasonable person would have known."  Harlow v.

13   Fitzgerald, 457 U.S. 800, 818 (1982).  The issue of qualified immunity cannot be determined at

14   the pleading stage where, as evidenced from plaintiff's motion, there are factual matters that are

15   in dispute.  Plaintiff's motion to strike the Second Affirmative Defense should therefore be

16   denied.

17       Defendant's Third Affirmative Defense is based on California Penal Code Section 835,

18   which states that the person arrested may be subjected to such restraint as is reasonable for his

19   arrest and detention.  The reasonableness of defendant's actions is the primary issue in this

20   Fourth Amendment case.  See Graham v. Connor, 490 U.S. 386, 397 (1989).  Therefore, the

21   Court cannot, at the pleading stage, find that this defense cannot succeed as a matter of law.

22       Defendant's remaining affirmative defenses (Fourth through Ninth) include California

23   Government Code Section 820.2, comparative negligence, assumption of risk, third party

24   negligence, and failure to file a timely government claim pursuant to the Government Code.

25   Because there are no remaining state law claims, defendant does not oppose the motion to strike

26   these state and common law affirmative defenses.

27

28

<u>RECOMMENDATION</u>

Based on the foregoing, the Court RECOMMENDS that plaintiff's motion be granted in part.  Based on defendant's non-opposition, the court recommends that plaintiff's motion to strike the First, and Fourth through Ninth affirmative defenses be GRANTED.  The court recommends that the plaintiff's motion to strike the Second and Third affirmative defenses be DENIED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 23, 2006**          **/s/ Dennis L. Beck**
3b142a                    UNITED STATES MAGISTRATE JUDGE