**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FREDERICK JONES, SR.,** | ) CV F 04-6214 AWI DLB |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) AND ORDER DENYING |
| | ) DEFENDANTS' MOTION TO |
| | ) DISMISS PURSUANT TO |
| **DARREN "HAP" SWEENEY, Deputy** | ) RULE 37(b)(2)(C), OR RULE |
| **for Kings County Sheriff Department,** | ) 41(b) |
| | ) |
| Defendant. | ) Doc. #56 |
| | ) |

## BACKGROUND

This is a civil rights action for damages against Defendant Sweeney by Plaintiff for alleged violations of Plaintiff's civil rights.

On January 3, 2007, Defendant filed a motion to dismiss pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure for failure to cooperate in discovery, or, in the alternative, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute the case or to comply with the Federal Rules or an order of the court.

On January 26, 2007, Plaintiff filed an opposition.  Plaintiff claims that when Defendant's served the discovery, he had been removed from state prison without his legal materials and he was in the Merced County Jail.  Plaintiff claims he remains in the Merced County Jail, and he still has not been given all legal materials relating to this case.  Plaintiff states that he still wishes to prosecute this action.

On February 1, 2007, Defendants filed a reply.  Defendant's point out that they served their discovery requests on Plaintiff in the Merced County Jail and Plaintiff failed to respond to them in any way.

## LEGAL STANDARD

Rule 37(b)(2) of the Federal Rule of Civil Procedure provides:

> (2) **Sanctions by Court in Which Action is Pending.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
> (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.Pro.  37(b)(2).   A court is permitted to impose the drastic sanction of dismissal or default under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure only in "extreme circumstances" where the violation is "due to willfulness, bad faith, or fault of the party."  <u>In re Exxon Valdez</u>, 102 F.3d 429, 432 (9th Cir.1996).  Public policy favors disposition of cases on their merits.  <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987).

2

Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.Pro. 41(b). Dismissal under Rule 41(b) is a sanction, to be imposed only in extreme circumstances. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004); Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).

## DISCUSSION

On June 21, 2006, Defendant served Plaintiff with a Request for Production of Documents. On March 8, 2006, Defendant served Plaintiff with Interrogatories, which were served again on September 5, 2006. Plaintiff did not timely respond to these requests. After attempting an informal resolution, Defendant filed a motions to compel. On November 20, 2006, the Magistrate Judge ordered Plaintiff to serve responses within twenty days and to file a response to Defendant's request for sanctions. Plaintiff did not provide the discovery responses pursuant to the motion to compel, and Plaintiff did not file a response to the request for sanctions. Defendant now moves for dismissal of this action.

Plaintiff has opposed the motion to dismiss and claims he cannot respond to Defendant's requests at this time because he lacks all legal materials. The court is reluctant to impose terminating sanctions for violation of a discovery order where there is some assertion that the failure to comply was not willful. In addition, the court is likewise disinclined to take dismiss for failure to prosecute where there appears to be an effort to move the case forward.

Plaintiff claims that he could not respond to the discovery requests while at the Merced County Jail because he did not have his legal materials. The information before the court indicates Plaintiff did receive at least some of the discovery requests at the Merced County Jail. In addition, Plaintiff has not clearly indicated why he needed his legal materials

3

to respond to the discovery requests, and if he did need these materials, why he simply did not respond to the discovery requests by telling Defendant and the Magistrate Judge that he could not respond until he received his legal materials. In light of this evidence, Plaintiff appears to have been negligent in his compliance with the discovery process. However, the court does not find there is compelling evidence of bad faith or wilfulness at this point.

The application of a terminating sanction that preclude resolution of this case on the merits is best done as part of a progressive approach to sanction for abuse of the discovery process. Here, the motion is based on Plaintiff's first failure to respond to an order granting a motion to compel. Absent clear indications of bad faith or wilful non-compliance, the court is inclined to proceed first with consideration of appropriate monetary sanctions, and to impose terminating sanctions later if the court finds there is continued and blatant non-compliance by Plaintiff.

The court also notes that it is somewhat removed from the discovery process and so is in a relatively less advantageous position to assess the compliance or lack of compliance of parties during the discovery process than is the Magistrate Judge. It appears the issue of a monetary sanction for Plaintiff's non-compliance is already pending before the Magistrate Judge. The court directs any party filing future motions for sanctions, whether monetary or terminating, based on allegation of non-compliance with discovery orders, to direct such motions to the Magistrate Judge. Should any further motion for sanctions based on abuse of discovery request termination of this action, the Magistrate Judge shall prepare Findings and Recommendations.

**ORDER**

THEREFORE, based on the above memorandum opinion, the court ORDERS that Defendant's motion to dismiss is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   March 23, 2007  
0m8i78

/s/ Anthony W. Ishii  
UNITED STATES DISTRICT JUDGE