1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE EASTERN DISTRICT OF CALIFORNIA**
8
9 FREDERICK JONES, SR.,                              1:04cv6214 AWI DLB
10                                                   ORDER REQUIRING PLAINTIFF
                                                     TO RESPOND TO DISCOVERY
11                    Plaintiff,
12              vs.                                  ORDER DENYING PLAINTIFF'S REQUEST
                                                     FOR COUNSEL
13 DARREN SWEENEY,                                   (Document 70-1)
14
                      Defendant.
15
                                          /
16

17        Plaintiff is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42

18 U.S.C. § 1983.  This action is proceeding against Defendant Sweeney on Plaintiff's amended

19 complaint, filed November 24, 2004.  On August 22, 2007, Defendant filed a motion for sanctions in

20 which he requests dismissal of this action and an award of monetary sanctions.  Plaintiff opposed the

21 motion on September 11, 2007.  On October 16, 2007, the Honorable Anthony W. Ishii referred the

22 motion to the undersigned for Findings and Recommendation.  For the reasons discussed below, the

23 Court will defer ruling on the motion for sanctions pending Plaintiff's response to the instant order.

24        The discovery phase of this litigation was opened by Court order on June 29, 2006.  On

25 March 8, 2006, Defendant served Plaintiff with Interrogatories (Set No. 1) and a Request for

26 Production (Set. No.1).  Declaration of James J. Arendt, ¶ 6.  Plaintiff did not respond. *Id.*  On June

27 16, 2006, counsel for Defendant received a letter from Plaintiff, stating that his address changed to

28

1

1   the Merced County Jail.  Declaration of James J. Arendt, ¶ 10.  On September 5, 2006, Defendant re-

2   served the written discovery.  Declaration of James J. Arendt, ¶ 12.

3        On June 21, 2006, Defendant served Plaintiff with a Request for Production of Documents

4   (Set No. 2).  Declaration of James J. Arendt, ¶ 3.  When no responses were received, defense counsel

5   sent a meet and confer letter to Plaintiff on August 11, 2006.  Declaration of James J. Arendt, ¶ 4.

6        After not receiving any responses to discovery, Defendant filed two motions to compel,

7   which the Court granted on November 20, 2006.  The Court ordered Plaintiff to respond to the

8   discovery within twenty (20) days of the date of service of the order.

9        On January 3, 2007, after not receiving any response from Plaintiff, Defendant filed a motion

10  to dismiss the action based on Plaintiff's failure to respond to discovery, or in the alternative, based

11  on Plaintiff's failure to prosecute the action or comply with the Court's orders.  The Court denied the

12  motion on March 26, 2007, explaining that it was reluctant to impose terminating sanctions where

13  there was an indication that Plaintiff's failure to comply was not willful, given Plaintiff's assertion

14  that he could not respond because he was without his legal materials due to numerous prison

15  transfers.  The Court also noted that it was disinclined to dismiss for failure to prosecute where there

16  appeared to be an effort to move the case forward.

17       On August 22, 2007, Defendant filed a motion for sanctions in which he again asks for

18  terminating sanctions based on Plaintiff's failure to respond to discovery or otherwise prosecute this

19  action.  Defendant contends that Plaintiff has continued to ignore the Court's orders to respond to

20  discovery.  In that regard, counsel sent Plaintiff a letter on July 2, 2007, setting out the prior Court's

21  orders and informing Plaintiff that if he failed to respond, Defendant would file the instant motion.

22  Declaration of James J. Ardent, ¶¶ 15-16.

23       On September 11, 2007, Plaintiff opposed the motion.  As he has done previously, he argued

24  that the has been through numerous transfers due to his involvement in several state court criminal

25  actions and has therefore been without his legal materials.  He also contends that he has contacted

26  Defendant to inform him of the situation, but he does not provide specific proof of any

27  communications.  Plaintiff requests that the Court appoint counsel and requests that Defendant re-

28  serve the pending discovery.

1    As a final attempt to avoid terminating sanctions, the Court will defer ruling on the motion

2  for sanctions and order Plaintiff to respond to discovery.  Defendant shall re-serve Plaintiff will ALL

3  pending discovery within fifteen (15) days of the date of service of this order.  Plaintiff SHALL

4  respond to the discovery within thirty (30) days of being served and SHALL provide a copy of his

5  responses to the Court.  The Court notes that although Plaintiff claims he is without his legal

6  materials, he should be nonetheless able to provide responses to basic requests.  If he continues to be

7  without his legal documents and believes that he cannot respond to certain requests, he should so

8  state in his responses.  Although Plaintiff has been warned before of the consequences of his failure

9  to respond to discovery, **THE COURT AGAIN EXPRESSLY WARNS THAT IF HE FAILS TO**

10  **PROVIDE RESPONSES TO DEFENDANT'S DISCOVERY WITHIN THE TIME FRAME**

11  **SET FORTH ABOVE, FOR ANY REASON, THE COURT WILL GRANT DEFENDANT'S**

12  **MOTION FOR TERMINATING SANCTIONS**.

13    Insofar as Plaintiff requests counsel, his request is DENIED.  The United States Supreme

14  Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in

15  § 1983 cases.  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S.

16  296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, the court may request

17  the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Rand v. Rowland, 113 F.3d

18  1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and compensating counsel,

19  this court will seek volunteer counsel only in the most serious and exceptional cases.

20    In the present case, the Court does not find the required exceptional circumstances.  See

21  Rand, 113 F.3d at 1525.  Even if it is assumed that Plaintiff is not well versed in the law and that he

22  has made serious allegations which, if proven, would entitle him to relief, his case is not exceptional.

23  This Court is faced with similar cases almost daily.  Therefore, Plaintiff's request for the appointment

24  of counsel is DENIED.

25    IT IS SO ORDERED.

26    **Dated:    October 25, 2007**                    **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE

27

28

3