# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, SR.,<br><br>        Plaintiff,<br><br>v.<br><br>DARREN "HAP" SWEENEY,<br><br>        Defendant. | 1: 04-CV-6214 AWI DLB<br><br>ORDER DENYING OBJECTIONS,<br>WHICH IS CONSTRUED AS A<br>MOTION FOR RECONSIDERATION<br><br>(Document #96) |

## BACKGROUND

This is a civil rights action brought by Plaintiff Frederick Jones, Sr. On March 19, 2008, Defendant filed a motion to compel further responses to discovery. Plaintiff did not file an opposition to this motion. On June 16, 2008, the Magistrate Judge granted Defendant's motion to compel. The Magistrate Judge ordered Plaintiff to produce documents in response to Defendant's Request for Production of Documents Set One (Request Nos. 1, 5, 6, 7, 8 and 9) and Set Two or authorize release of these documents by his criminal attorney to Defendant's counsel. The Magistrate Judge also ordered Plaintiff to provide further responses to Defendant's Interrogatories, including Plaintiff's employment history (No. 1); dates of school attendance (No. 2); prior medical history (No. 5); information about damages (No. 6); identification of witnesses (Nos. 7, 8 and 10); description of claims against Defendant and supporting documents (Nos. 11, 12 and 13); factual basis of claims (Nos. 15 and 16); identification of the occupant in the car he

was driving at the time of the incident (No. 17); and description of any alcohol or drugs (including medication) that Plaintiff used within 24 hours of the incident (No. 18).  The Magistrate Judge ordered Plaintiff to provide the documents and information within 30 days of the order.

On June 30, 2008, Plaintiff filed objections to the Magistrate Judge's order granting Defendant's motion to compel.  Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's nondispositive order within ten days.  In this court, this type of objections are treated as a motion for reconsideration by the assigned District Court Judge and should be captioned "Request for Reconsideration."  See Local Rule 72-303. While Plaintiff did not file a request for reconsideration, in the interests of justice, the court will review Plaintiff's objections as a motion for reconsideration under Local Rule 72-303.

On July 30, 2008, Defendant filed a motion to dismiss for Plaintiff's failure to comply with the June 16, 2008 order.   Because Plaintiff filed objections to this order, which the court must address, the court will delay ruling on Defendant's motion at this time.

**LEGAL STANDARD**

Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Rule 72(a).  "A

2

finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D.Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion.").

## DISCUSSION

Preliminarily, the court notes that Plaintiff did not oppose Defendant's motion to compel, and Plaintiff did not make the arguments found in his objections to the Magistrate Judge. Motions for reconsideration and objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief. See Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Rosenfeld v. United States Dep't of Justice, 57 F.3d 803, 811 (9th Cir.1995); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).   Because Plaintiff did not make any of the contentions found in the objections to the Magistrate Judge and these contentions could have been raised before the Magistrate Judge ruled on the motion to compel, the objections do not provide a basis for reconsideration of the Magistrate Judge's discovery order.

Regardless, the court finds that the Magistrate Judge's order granting Defendant's motion to compel was not clearly erroneous or contrary to law.   Plaintiff's primary argument in the objections is that it is the court's fault that Plaintiff cannot respond better to discovery because the court did not appoint an attorney to represent Plaintiff.   There is no constitutional right to counsel in a civil case.   Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).   Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1).   This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist.

Court, 490 U.S. 296, 310 (1989); <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir.1997) *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir.1998) (en banc); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir.1986).   Because the law at issue in this case is settled and this case concerns a factual dispute, the court does not find exceptional circumstances.   Plaintiff is correct that he would be better served by the assistance of counsel, and the court is not unsympathetic to Plaintiff's desire for counsel.   However, the Ninth Circuit has recognized that "any pro se litigant certainly would be better served with the assistance of counsel," and as such the Plaintiff must "show that because of the complexity of the claims he was unable to articulate his positions." <u>Rand</u>, 113 F.3d at 1525.   Plaintiff has made no such showing.   The information Defendant seeks is either in Plaintiff's knowledge or Plaintiff can obtain this evidence by writing letters and signing releases.   While counsel would certainly assist in such an endeavor, it is the same situation faced by any pro se litigant.

The court recognizes that Plaintiff is in custody, making it difficult for him to obtain some information.   However, a review of the motion to compel and exhibits attached to the objections reveals that Defendant's counsel has offered to obtain some of the information himself, such as school records and the records in Plaintiff's criminal counsel's files.   However, Defendant's counsel cannot obtain this private information about Plaintiff without waivers from Plaintiff to third parties.   Plaintiff must respond to the releases and contact the individuals and entities holding this information before Defendant can obtain it. The Magistrate Judge's order addressed the fact that other individuals and entities may have the information Defendant seeks by ordering Plaintiff to provide documents *or* sign releases.   Thus, the fact Plaintiff does not have certain documents in his current possession is not an impossible obstacle.

The information sought in the interrogatories is simple and straightforward.   Plaintiff either knows the answers, or he does not know the answers.   To the extent Plaintiff cannot truly provide any more information or further response to the interrogatories, Plaintiff may respond to the interrogatories that he has no more information to provide.   Plaintiff is not required to "make

up" information to comply with the Magistrate Judge's order.   Plaintiff will simply be bound to his responses in the interrogatories in further proceedings and trial.  See Fed.R.Civ.Pro. 37(b)(2)(A); Fed.R.Civ.Pro. 37(c)(1).

**ORDER**

Accordingly, the court ORDERS that:

1. Plaintiff's June 30, 2008 objections, which have been construed as a motion for reconsideration by the District Court Judge, are DENIED.

2. Within twenty days of this order's date of service, Plaintiff SHALL:

    a. Produce the documents requested in Defendant's Request for Production of Documents Set One (Request Nos. 1, 5, 6, 7, 8 and 9) and Set Two *or* authorize release of these documents by Defendant's criminal counsel.

    b. Provide further responses to Defendant's Interrogatories Numbers 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13 15, 16, 17 and 18) *or* authorize release of this information from the appropriate entity or individual.

3. Within thirty days of this order's date of service, Defendant SHALL supplement his July 30, 2008 motion to dismiss with any additional information.

4. Plaintiff is again warned that if he fails to provide these documents, responses, or releases within twenty days, the court will grant Defendant's pending motion for terminating sanctions.

IT IS SO ORDERED.

Dated:   **August 20, 2008**            **/s/ Anthony W. Ishii**
                                         CHIEF UNITED STATES DISTRICT JUDGE