# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, SR., ) | 1:04cv6214 AWI DLB |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S MOTION TO ADD DEFENDANTS |
| ) | |
| v. ) | (Document 98) |
| ) | |
| DARREN SWEENEY, ) | |
| ) | |
| Defendant. ) | |

    Plaintiff Frederick Jones, Sr., ("Plaintiff") is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendant Deputy Darren "Hap" Sweeney ("Defendant") on Plaintiff's amended complaint, filed November 24, 2004.  Plaintiff's complaint concerns an incident that occurred on September 6, 2003, when Plaintiff alleges that Defendant subjected him to an illegal seizure without probable cause.

    Pursuant to the Court's discovery scheduling order and subsequent modifications, the final date to file amendments was February 5, 2007.  The discovery cut-off is currently set for November 29, 2008, and the dispositive motion filing deadline is January 5, 2009.

    Plaintiff filed the instant motion to add defendants on July 21, 2008.  Defendant filed his opposition on July 23, 2008.  The Court delayed ruling on the motion pending the outcome of Defendant's motion to dismiss, which was denied on October 22, 2008.

///

## DISCUSSION

Although Plaintiff describes his motion as one for "joinder" of additional defendants, it appears to be a motion to amend the complaint pursuant to Rule 15.

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff seeks to add the County Supervisor and Sheriff to this action under a theory of respondeat superior. He does not attach a proposed second amended complaint, nor does he explain his amendment, other than to say:

> The Defendants occupy the position of liability by way of "supervisor liability," as the chain of command the treasure within the Kings Co. Dept. of County Counsel cuts the check, and disburses it to all state personnell [sic]. The Sheriff is also the supervisor who also occupy [sic] a position of liability for the supervision of under sheriff, i.e., deputy.

Motion, at 5.

Plaintiff's request must be denied. First, pursuant to Federal Rule of Civil Procedure 16(b), he has not demonstrated good cause to modify the scheduling order, which set February 5, 2007, as the deadline for amendments.

Second, Plaintiff has not explained why he waited this long to propose the amendments. Insofar as he points out that he filed a prior request to amend in October 2005, that request dealt with amendments unrelated to the instant amendments and wholly unrelated to the causes of

2

1  action in the original complaint.
2  　　　Third, although Plaintiff believes that the addition of two defendants "would not burden
3  Defendant's current representative," it would expand the scope of litigation and discovery at this
4  late date.  This case has been pending for *over four years.*  Discovery is set to close next month
5  and the parties will be preparing dispositive motions.  Allowing this amendment as this stage of
6  the proceeding would unduly prejudice Defendant.
7  　　　Accordingly, for the above reasons, Plaintiff's motion to add defendants is DENIED.

10  　IT IS SO ORDERED.
11  　**Dated:**　**October 28, 2008**　　　　　　　**/s/ Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE