IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FREDERICK JONES, SR.,**  )<br>  )<br>       **Plaintiff**,  )<br>  )<br>       v.  )<br>  )<br>**DARREN "HAP" SWEENEY**,  )<br>  )<br>       **Defendant**.  )<br>_____ ) | 1: 04-CV-6214 AWI DLB<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>(Document #104) |

**BACKGROUND**

This is a civil rights action brought by Plaintiff Frederick Jones, Sr. ("Plaintiff"). On November 24, 2004, Plaintiff filed a first amended complaint. The first amended complaint concerns an incident that occurred on September 6, 2003 when Plaintiff alleges that Defendant Deputy Darren "Hap" Sweeny ("Defendant") subjected Plaintiff to an illegal seizure without probable cause.

On July 30, 2008, Defendant filed a motion to dismiss for Plaintiff's failure to comply with the Magistrate Judge's June 16, 2008 discovery order. On October 22, 2008, the court denied Defendant's motion to dismiss based on Defendant's concession that dismissal was not appropriate because on June 25, 2008, Plaintiff had written a letter to Defendant's attorneys concerning the discovery.

On August 19, 2008, Plaintiff filed a motion for monetary sanctions.

**DISCUSSION**

The court has three primary sources of authority enable it to sanction parties or their lawyers for improper conduct: "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

**A. Rule 11**

Under Rule 11 of the Federal Rules of Civil Procedure an award of sanctions is appropriate if (1) a paper is presented for an improper purpose, (2) the claims, defenses, and other legal contentions are frivolous, (3) the factual contentions do not have evidentiary support, and (4) the factual denials are not warranted by the evidence, reasonable belief, or lack of information.  Fed.R.Civ.Pro. 11(b).  Rule 11(c)(2) provides strict procedural requirements for parties to follow when they move for sanctions under Rule 11.  Rule 11(c)(2) provides that:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed.R.Civ.Pro. 11(c)(2).

The purpose Rule 11's safe harbor is to give the offending party the opportunity to withdraw the offending pleading and thereby escape sanctions. Barber v. Miller, 146 F.3d 707, 710 (9th Cir.1998).  The procedural requirements of Rule 11's safe harbor are mandatory. Radcliffe, 254 F.3d at 789; Barder 146 F.3d at 710-11.  The court cannot award sanctions when the challenging party fails to comply with the safe harbor provisions, even when the underlying filing is frivolous. Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005).

Here, there is no argument or evidence that Plaintiff complied with Rule 11's safe harbor provisions.  The failure to comply with the safe harbor provision makes Rule 11 sanctions

inappropriate.

**B.  28 U.S.C. § 1927**

An attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Sanctions under section 1927 require the court to find recklessness or bad faith.  Cline v. Industrial Maintenance Engineering & Contracting Co., 200 F.3d 1223, 1236 (9th Cir. 1999);  Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000); In re Keegan Management Co., Securities Litig., 78 F.3d 431, 436 (9th Cir.1996).   The Ninth Circuit assesses "an attorney's bad faith under a subjective standard.  Knowing or reckless conduct meets this standard."  MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1121-22 (9th Cir.1991).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  Cline, 200 F.3d at 1236;  Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986).

Here, the only evidence concerning why Defendant filed the motion to dismiss despite Defendants' attorneys' receipt of the June 25, 2008 letter prior to filing of the motion is Defendant's attorney's October 6, 2008 declarations.  In their declarations, Defendant's attorneys' state this letter was received with other documents sent by Plaintiff to Defendant's attorneys' office and the letter was mis-filed in Defendant's attorneys' office.  Defendants' attorneys state it was not their intention to mislead the court.  Based on the evidence before the court, the court cannot find bad faith.   At best, Defendants' attorneys' conduct amounted to negligence.  Fees under Section 1927 have been reversed where district court's findings were consistent with negligence.  MGIC Indem., 952 F.2d at 1121-22.  Thus, the court will not award fees under Section 1927.

//

## C. Inherent Power

The court has the inherent power to levy sanctions, including attorneys' fees when a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). While the court's inherent power extends to all litigation abuses, the litigant must have "engaged in bad faith or willful disobedience of a court's order." Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991); Fink, 239 F.3d at 992. A finding of bad faith is warranted where an attorney or party knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. Rodriguez v. U.S., 542 F.3d 704, 709 (9th Cir. 2008). "'Mere recklessness does not alone constitute bad faith; rather, an award of attorney's fees is justified when reckless conduct is 'combined with an additional factor such as frivolousness, harassment, or an improper purpose.'" Id. (quoting Fink, 239 F.3d at 993-94). For the reasons the court is unable to find bad faith to award sanctions under Section 1927, the court declines to award sanctions pursuant to the court's inherent power.

**ORDER**

Accordingly, the court ORDERS that Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:   December 1, 2008**           /s/ Anthony W. Ishii
                                CHIEF UNITED STATES DISTRICT JUDGE